Newman, J.
According to the terms of the contract, for the breach of which damages were sought, plaintiff in error was to deliver to defendant in error the premises described, free and clear of any incumbrances, liens or clouds of title, excepting the taxes for the last half of the year 1915, and defendant in error was to pay the purchase price as follows: $100 cash in hand and the balance on or before thirty days from the date of the contract. It was provided that the transaction should be consummated by plaintiff in error depositing with The Guarantee Title & Trust Company a warranty deed for the premises described and defendant in error depositing with said company the balance of the purchase price, the. money to be turned over to plaintiff in error when said company could certify title in the defendant in error. The $100 in part payment of the purchase price was paid by defendant in error on the 14th day of July, 1915, the day the contract was executed. Nothing further was done by him in the matter until he filed his petition asking damages. There is no allegation in the petition that he paid or offered to pay the balance of the purchase price. The sufficiency of the petition is challenged by demurrer. The question presented is whether the petition is defective because of the failure to allege that there had been a pay *220 ment or tender of payment of the balance of the purchase price.
Counsel for plaintiff in error relies on Raudabaugh v. Hart, 61 Ohio St., 73, and the cases cited in the opinion in that case. The holding in the cited cases is in substance that in an action for damages, based upon the breach by the vendor of a contract to convey real estate, a petition which contains no allegations of payment or tender of payment of the purchase price as provided in the contract must be held bad on demurrer. In the Raudabaugh case it appeared from the petition that the defendant had not at the time of the making of the contract of sale, or afterwards, power or authority from the members of a certain partnership to sell all or any of the property in question. It is insisted by counsel that there was established in the Raudabaugh case the further proposition of law that an allegation of partial or total failure of the vendor’s title does not cure the defect in the petition, viz., the absence of an allegation of payment or tender of payment. But Spear, J., in the opinion says that for aught that is alleged the vendor could have acquired the title and could have completed the contract on his part had the plaintiff come forward with the money or given notice that he was able and ready to perform. In other words, there was no finding that the vendor was disabled from performing his part of the contract.
But the facts in the case under consideration, as disclosed by the petition, are different. Defendant in error predicated his right of action on the failure of the plaintiff in error to convey to him the real *221 estáte in question free and clear of all incumbrances, liens and clouds of title, except taxes. It is alleged that plaintiff in error was and had been at all times unable to convey title to said premises or to deliver the same to defendant in error free and clear of all incumbrances, liens or clouds of title, excepting taxes, for the reason that ever since the 20th day of January, 1891, there had been a condition attached to the title to said premises, that no building be erected thereon to be used for business purposes of any kind, and no building to be erected thereon to cost less than $1,000, and that a building erected thereon should stand on the north side of said lot, leaving sufficient space for a driveway on the south side of same, and to stand back at least twenty feet from the fence line of the lot. It is then alleged that this restriction on the use of said premises constituted an incumbrance thereon which had not and could not be removed by plaintiff in error. This incumbrance of which defendant in error complained would seem to be a servitude in favor of the property of strangers, and no presumption would lie that it was within the power of plaintiff in error to extinguish the same. But be this as it may, it is expressly alleged that the incumbrance had not been and could not be removed, a controvertible fact, of course, but for the purposes of the demurrer to be taken as true. In other words, plaintiff in error was disabled from the performance of her part of the contract, in that she could not convey a title free of incumbrances.
It seems to be well settled that the rule relating to tender on the part of the purchaser is subject *222 to the exception that a tender is unnecessary where it would be merely a useless ceremony, as where the vendor is clearly unable to perform his part of the contract; where, for instance, there is an incumbrance upon the property which he is unable to remove. See 39 Cyc., 2089, and the cases there cited. On page 2096 of the same volume, under the head of “Pleading,” in an action by a vendee against a vendor, it is stated that the complaint must show the performance on the part of plaintiff of the conditions precedent which the contract imposes upon him, but where performance is rendered unnecessary upon one of the grounds previously stated (which includes the one to which we have just referred), it is not necessary to allege a performance or tender on the part of the plaintiff if the facts or circumstances excusing the same are alleged and the allegations of the latter character are clear and explicit. We think the case under consideration here comes within the exception to the general rule. The facts excusing the tender on the part of defendant in error were alleged, and to us seem clear and explicit. As we have said, there was an incumbrance on the property which had not been and could not be removed by plaintiff in error.
It is suggested that defendant in error, having contracted to abide the opinion of the title company as to the validity of the title, had no right to refuse to perform, and sue for damages, merely because he believed that the title company would not certify that the title was clear. The allegations of the petition, for the purposes of the demurrer, must be taken as true, and in view of the fact that there was *223 an incumbrance on the property, which co.uld not be removed, the title company could not and it is not to be presumed would certify a clear and unincumbered title.
Under the terms of the contract between the parties, the balance of the purchase price was to be paid within thirty days. The transaction was to be closed by plaintiff in error depositing the deed and defendant in error depositing the balance of the purchase price, a time certain being fixed for the performance of the contract by the parties. If plaintiff in error was unable, for the reasons set forth in the petition, to convey an unincumbered title to the real estate in question, she could not, as a matter of course, deposit a warranty deed, the instrument by which such, a title was to be conveyed, and her inability to do this was in effect a refusal to do so. It would have been an idle ceremony on the part of the defendant in error to pay or offer to pay the balance of the purchase price under such circumstances. The law does not require a useless act. It appearing that plaintiff in error was unable to give to defendant in error an unincumbered title to the property embraced in the contract, defendant in error was not required to pay or'tender payment of the balance of the pur7 chase money before he could maintain an action for damages.

Judgment affirmed.

Nichols, C. ]., Wanamaker, Matthias and Johnson, JJ., concur.
Jones and Donahue, JJ., concur in the judgment, but dissent from the syllabus.